25-241-cv
Richmond v. Sorensen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT:  DENNY CHIN,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　STEVEN J. MENASHI,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

JULIA RICHMOND,

　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　No. 25-241-cv

ALAN J. SORENSEN,

　　　　*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    MICHAEL H. SUSSMAN,
                                             Sussman & Associates,
                                             Goshen, NY

FOR DEFENDANT-APPELLEE:                      KELLIE E. LAGITCH, Chief
                                             Assistant County Attorney, *for*
                                             Richard B. Golden, Orange
                                             County Attorney, Goshen, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Julia Richmond appeals from the January 7, 2025 judgment entered in the United States District Court for the Southern District of New York (Briccetti, *J.*) granting summary judgment in favor of Defendant Alan J. Sorensen on Richmond's claim of sex discrimination under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In October 2016, Richmond began serving as Deputy Commissioner of Planning for the Orange County Department of Planning and Development. Sorensen became Commissioner of the Department in March 2020, and he

terminated Richmond's employment in December 2021, prompting the current § 1983 action.

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Horn v. Med. Marijuana, Inc.*, 80 F.4th 130, 135 (2d Cir. 2023) (citation modified). "A plaintiff who claims sex discrimination in public employment in violation of the Fourteenth Amendment may bring suit pursuant to § 1983." *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019); *see Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004). Unlike sex discrimination claims brought under Title VII, for which plaintiffs are required to satisfy "a lessened causation standard," a plaintiff "pursuing a claim for employment discrimination under § 1983 . . . must establish that the defendant's discriminatory intent was a 'but-for' cause of the adverse employment action." *Naumovski*, 934 F.3d at 213–14 (citation modified). This means that "the employer's stated non-discriminatory reason" for the employee's firing must be "either false or inadequate to support" that decision. *Id.* at 215.

3

The District Court determined that Sorensen had legitimate, sex-neutral reasons for terminating Richmond. Having reviewed the summary judgment record, we find no error in the District Court's grant of summary judgment in Sorensen's favor. In November 2021, for example, Sorensen wrote an internal memorandum expressing his "concern . . . that [Richmond] is not a planner, does not have a degree in planning, and while capable [of] managing meetings and work assignments, lacks the technical expertise to meaningfully guide, review and critique the transportation studies that are being completed for" the county. Joint App'x 35. Sorensen's concerns about Richmond's abilities stemmed from two projects that he believed Richmond had mishandled. Sorensen also expressed concern that Richmond had knowingly misrepresented her job title and that Richmond had yelled at a pregnant staff member.

On this record, Sorensen has not "produc[ed] evidence from which the trier of fact reasonably could draw an inference of discrimination." *Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 7 (2d Cir. 1989). While Richmond contests Sorensen's assertion that he discussed her job performance with her prior to her termination, she does not point to any record evidence based on which a reasonable juror might doubt Sorensen's stated reasons for terminating her. *See*

4

*Naumovski*, 934 F.3d at 215. Richmond invites us instead to question Sorensen's stated reasons as "after-the-fact" justifications. *See* Appellant's Br. 14. But Sorensen's November 2021 internal memorandum predates Richmond's termination in December 2021. Richmond also contends that Sorensen fired her because he "viewed her as a threat" as "a competent and capable woman." Appellant's Br. 22 (citation modified). But a plaintiff asserting a claim of sex discrimination "must provide more than conclusory allegations to resist a motion for summary judgment." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

Finally, Richmond argues that Sorensen's treatment of other employees raises a material factual dispute about whether he acted with the requisite discriminatory intent under § 1983 when he terminated her. In support, Richmond points to Sorensen's promotion of a male employee over several female employees. We are not persuaded. The unrebutted summary judgment record shows both that Richmond supported the male employee's promotion and that Sorensen promoted several other female employees within the Department. And although Richmond notes that her temporary replacement after her termination was a man, Richmond's permanent replacement was a woman. On this record, we conclude that the District Court did not err when it

determined that no rational juror could find that sex discrimination was the but-for cause of Richmond's termination. *See Naumovski*, 934 F.3d at 214–15.

We have considered Richmond's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
